No. --------.
First Circuit·

---

## C. J. DEVILLE LUMBER COMPANY v. J. EMILE PUCHEAU.

---

(December 8, 1925. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Municipalities—Par. 129.

Under Act 147 of 1902, Section 4, the sum assessed against a property holder for sidewalks or curbings, becomes due within ten days after the completion of the work by the contractor, and its acceptance by the municipality.

2. Louisiana Digest—Pleading—Par. 62; Municipalities—Par. 130.

A petition in which a contractor sues under Act 147 of 1902, Section 4, for the value of concrete sidewalks and for a first privilege on the property against which the assessment is made should be dismissed on an exception no cause of action if it does not state that the certificates were recorded as required by that statute.

Appeal from Evangeline Parish, Hon. B. H. Pavy, Judge.

This is a suit brought by a contractor to collect the value of ·concrete sidewalks from a property owner. An exception no cause of action was interposed and maintained by the lower court. Plaintiff appealed. Judgment affirmed.

Geo. L. Fontenot of Opelousas, attorney for plaintiff, appellant.

R. L. Garland, P. R. Sandoz of Opelousas and J. H. Dore of Ville Platte, attorneys for defendant, appellee.

MOUTON, J. Plaintiff alleges that he entered into a contract with the Town of Ville Platte for the construction of concrete sidewalks within the municipality. He avers that he performed his work according to his contract, which was accepted by the town. He alleges that the town set to work to collect twenty per cent of the concrete walk fronting on defendant's property which he had constructed, and to issue certificates for the credit portion of his indebtedness, which, plaintiff alleges, amounts to $256.25. He alleges that under the provisions of Act 147, 1902, he is entitled to a privilege or lien on the property of defendant, which abuts the sidewalk for the amount above claimed, and prays for recognition of a lien thereon.

An exception of no cause of action was interposed by defendant, and was maintained by the Lower Court.

Under Act 147, 1902, Sec. 4, the sum assessed against a property holder for sidewalks or curbings becomes due within ten days after the completion of the work by the contractor, and its acceptance by the municipality. If this sum is not paid within ten days, the town may proceed by suit to collect the delinquent assessment, and may have its privilege recognized on the property. Obviously, plaintiff is not demanding relief under this part of the statute. Instead of enforcing the assessment as above stated, the town, at its option, may accept a cash payment thereon of twenty per cent, and for the deferred payments may authorize the is-

suance of certificates. When a copy of such certificate is recorded, the statute grants a first privilege on the property against which the assessment is made, and when transferred to the contractor, carries with it the lien attached thereto. It is alleged by plaintiff that defendant refused to pay the cash demand and that no such certificates were issued. It is therefore apparent that no certificates were recorded as required by the statute to create a privilege. Plaintiff had no standing in Court, under the allegations in his petition, to demand the recognition of a lien or privilege on the property of defendant, and that it be sold to satisfy his claim.

There is no error in the judgment maintaining the exception and dismissing the suit.

Affirmed.